UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BETTY T. HART

VERSUS

U.S. COMMISSIONER SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION NO. 09-cv-1401

JUDGE HICKS

MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Betty T. Hart ("Plaintiff"), represented by attorney Lacey P. Wallace, filed an application for social security disability benefits based on claims of limitations caused by fibromyalgia and degenerative arthritis. An ALJ found that Plaintiff was not disabled because she retained the ability to perform her past work as an officer manager as well as similar jobs. Plaintiff filed a request that the decision be reviewed by the Appeals Council, but the request was dismissed on the grounds that it was untimely.

Plaintiff commenced this civil action to seek judicial review pursuant to 42 U.S.C. § 405(g). The statute permits an individual, "after any final decision of the Commissioner of Social Security, made after a hearing to which he was a party," to "obtain a review of such decision by a civil action" filed in district court. The Commissioner responded to the complaint with a Motion for Summary Judgment (Doc. 21) on the grounds that the Appeals Council's dismissal based on untimeliness is not a final decision within the meaning of the

statute. It is recommended, for the reasons that follow, that the Commissioner's motion be granted and that this case be dismissed for lack of jurisdiction.

**Summary Judgment Records**

The Commissioner's motion is supported by an affidavit from an agency official and copies of decisions and other documents from the administrative record. Plaintiff has submitted her own affidavits and documents. The facts, set forth below, are not contested. It is their legal effect that is at issue.

The ALJ issued his written decision on May 16, 2008. The notice of decision was mailed to Plaintiff at her home, and a copy was sent to her attorney. The notice explained that Plaintiff could file an appeal with the Appeals Council within 60 days from the date she received the notice. An appeal could be commenced by filing a form HA-520 with any local Social Security office, hearing office, or the Appeals Council. The notice warned that the Council would dismiss a late request unless the claimant showed she had a good reason for not filing it on time.

Attorney Lacey Wallace testifies in an affidavit that, at about the time the ALJ's decision issued, he was preparing to leave his office for a serious surgical procedure and what was anticipated to be an extended period of recovery. The ALJ's unfavorable decision arrived at counsel's office shortly before he left to receive the surgery. Counsel testifies that he prepared Plaintiff's request for review on the standard form HA-520, dated it May 20, 2008, and mailed it to Plaintiff for her to sign and return.

Dean Wallace is the brother of Lacey Wallace, and he is a lawyer licensed in Texas. Dean volunteered to help his brother during his absence from the office. Dean arrived at the office on May 20, 2008. Dean testifies that Lacey left him a copy of the HA-520 appeal form with handwritten instructions. Lacey instructed Dean to, upon receipt of the signed form from Plaintiff, mail the form to the Shreveport Social Security office, along with a cover letter already prepared by Lacey.

Dean Wallace testifies that Plaintiff returned the signed appeal form on May 27, 2008. Ms. Pat Wilson was working in the office part-time, primarily as a receptionist. Dean testifies: "Ms. Wilson mailed the forms to the Shreveport SSA." He quotes his notes dated May 27, 2008 to the effect that Plaintiff signed the form HA-520 and "Pat gave her a copy; copy for office; mailed original to §." Dean describes the form being mailed less than 30 days after the ALJ's decision, so if the agency received it within a normal period allowed for mail, timeliness under the 60-day period would not be a concern.

About a year later, on April 28, 2009, Lacey Wallace sent a letter to the local Social Security office to inquire about the status of Plaintiff's appeal. Wallace noted that he had mailed to the local office the signed form HA-520 and a cover letter, copies of which were enclosed, on May 27, 2008, but the Appeals Council had been unable to locate Plaintiff's file. The local office that received this letter apparently stamped the accompanying copy of the signed form HA-520 as being filed April 30, 2009.

The Appeals Council mailed to Plaintiff, with a copy to her attorney, a notification that her request for review filed on April 30, 2009 was untimely because it was filed more than 60 days from Plaintiff's receipt of the ALJ's decision. The notice permitted 30 days for Plaintiff to file a statement showing a good reason for the late filing.

Plaintiff's counsel wrote a letter dated May 18, 2009, well within the permitted time, that explained the health problems that kept him away from his office, the preparation he had done before he left, and a representation that the volunteers who looked after his office noted in a diary that the request had been timely mailed on May 27, 2008. Counsel submits to the court a fax confirmation sheet that indicates the Appeals Council received his letter on May 18, 2009 at the fax number provided in the Council's notice for submission of such filings.

The Appeals Council issued an order on June 25, 2009 that dismissed the request for review. The order stated that notice had been sent to the claimant and her attorney asking for a statement about why the appeal was not filed on time, but the Appeals Council "has not received a response to its notice." Based on the perceived lack of response, the Council found that there was no good cause to extend the time for filing and dismissed the request for review. The notice stated that the dismissal was final and not subject to further review.

**Analysis**

Section 405(g) allows an individual to seek judicial review after any "final decision" of the Commissioner made after a hearing. The requirement of a final decision goes beyond

mere exhaustion of the administrative process. The term "final decision" is not defined by the Act, and its meaning is left to the Commissioner to flesh out by regulation. Those regulations may specify requirements that the Commissioner deems serve the interest of effective and efficient administration. Harper v. Bowen, 813 F.2d 737, 740 (5th Cir. 1987), citing Weinberger v. Salfi, 95 S.Ct. 2457, 2467 (1975).

The regulations set forth the 60-day period allowed to request Appeals Council review. 20 C.F.R. § 416.1468. The Appeals Council may deny a request for review or it may decide to review a case and make a decision. The Appeals Council's decision, or the decision of the ALJ if the request for review is denied, is binding unless a party files an action in district court. Section 416.1481. The regulations provide that the Appeals Council will dismiss a request for review if the claimant did not file the request within the stated period of time and the time for filing has not been extended. Section 416.1471. The "dismissal of a request for Appeals Council review is binding and not subject to further review." Section 416.1472.

In Harper v. Bowen, the claimant represented that she attempted to file a request for review but was told that she could do so only through her legal representative. There was also confusion about whether a moratorium by the agency with regard to certain kinds of cases was applicable to the case. When a request for review was filed, the Appeals Council notified the claimant that it considered the request untimely. The claimant was permitted an opportunity to present good cause but, despite her arguments, the Council ruled that she had

not shown good cause and dismissed her request for review. The claimant appealed to the federal courts.

The Fifth Circuit reviewed the regulations cited above, as well as cases such as Weinberger v. Salfi and Califano v. Sanders, 97 S.Ct. 980 (1977). The claimant in Califano did not timely pursue judicial review after an Appeals Council decision but returned seven years later and asked the Council to reopen his case for good cause. The Supreme Court held that the district court could not review the Appeals Council's refusal to reopen the case because a denial of a request to reopen was not a final decision made after a hearing within the meaning of the statute and regulations. One reason the Califano court gave for its interpretation was that Section 405(g) refers to decisions where a hearing is mandatory, not discretionary.

The Appeals Council's decision to hear an untimely request for review is optional depending upon whether it believes good cause has been shown. Thus, a hearing was not required in this case within the meaning of Califano. And under the principles discussed in Weinberger v. Salfi, the final step for the claimant to obtain a review of the ALJ's decision is to file a timely appeal to the Appeals Council. The claimant in Harper v. Bowen did not do so, and the Fifth Circuit held that the district court did not have subject-matter jurisdiction to review the case. Courts within the Fifth Circuit have consistently applied Harper to dismiss similar civil actions. See, e.g., McKinley v. Astrue, 2010 WL 2836140 (E.D. La. 2010) (counsel indicated to Appeals Council that she mistakenly thought appeal had been filed

earlier and requested a finding of good cause; Appeals Council dismissal for untimeliness; case not subject to judicial review) and Crawford v. Shalala, 1994 WL 374454 (S.D. Tex. 1994) (Appeals Council dismissed appeal for untimeliness despite pleas of health problems and clerical errors; case not subject to judicial review).

Counsel for Plaintiff has submitted evidence that suggests a timely request for review was mailed to the agency, but the agency official's affidavit does not acknowledge receipt of that mailing. Counsel also submits a fax confirmation form which suggests that he timely sent a statement of good cause to the Appeals Council, but that body found that no good cause submission was made. Despite the serious health problems suffered by counsel, his efforts to ensure that his clients were looked after in his absence, and significant evidence that the Appeals Council overlooked his final submission, the court lacks jurisdiction to grant Plaintiff a remedy. The legal system entrusts certain functions to the agency and, even when there is evidence those functions were not carried out properly, the court is not empowered to address the issue. A judicial appeal is permitted only from a final decision after a hearing. Under Fifth Circuit precedent, there was no such decision in this case.

Accordingly, the Commissioner's Motion for Summary Judgment (Doc. 21) should be granted and this case should be dismissed without prejudice for lack of jurisdiction.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of March, 2011.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE